HUDGINS *v.* MARINE WELDING & REPAIR WORKS, et al.

No. 41232          October 12, 1959          114 So. 2d 767

*Fountain D. Dawson,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellees.

ARRINGTON, J.

This is an appeal by H. H. Hudgins from a judgment of the Circuit Court of Washington County affirming an order of the Workmen's Compensation Commission in dismissing petition of the appellant for an additional hearing. The record discloses that the appellant was working for the Marine Welding and Repair Works as a welder, and on October 23, 1956, he suffered an injury

to his back. The matter was controverted and a hearing was held. The attorney-referee found on conflicting evidence that the appellant was temporarily and totally disabled from October 23, 1956 to February 16, 1957; that he was temporarily and partially disabled from February 16, 1957 to August 5, 1957, at which time the said claimant had reached a point of maximum medical recovery and had no residual or permanent disability as a result of said injury. The appellees were ordered to pay all expenses and disability benefits of $25 per week from October 23, 1956, to August 5, 1957, with penalty. This amounted to the sum of $1,438.31.

The appellant filed a petition for review by the full Commission, alleging that the attorney-referee erred in denying him permanent partial disability benefits; that the decision was contrary to the credible evidence, and petitioned the Commission for the taking of additional medical and lay testimony with reference to his partial disability. After a hearing by the Commission, an order was entered on February 25, 1958, affirming the order of the attorney-referee. No appeal was taken from this order. On March 28, 1958, the award of $1438.31 was paid to the claimant, a form B-31 was filed with the Commission, and a receipt for the above amount was signed by the claimant.

Six days later, on April 3, 1958, the appellant filed an application for a rehearing, alleging as follows: "To determine the permanent partial disability claimant has suffered; loss of wage earnings; and any and all other matters and things that might be proper on the hearing hereof."

On June 13, 1958, another hearing was held before the attorney-referee. The claimant, appellant here, his wife and son testified that he was totally disabled. Dr. Wood testified that while he had less pain, less nervousness, less apprehension, and was in better shape than previously, in his opinion, he had a twenty-five percent

permanent partial disability. On the first hearing, Dr. Wood testified that appellant had about a twenty-five percent permanent partial disability. His other doctor, Dr. Beck, thought that he had apparently recovered as early as February, 1957. Dr. Eddleman testified for the defendant, appellee here, that as a result of his examination on August 5, 1957, he was of the opinion that the claimant had fully recovered.

The attorney-referee sustained a motion of the appellee to dismiss the claim of appellant for additional compensation. On petition for review by the full Commission, the order of the attorney-referee was affirmed by a two to one vote of the Commission.

Section 6998-27, Mississippi Code of 1942, provides: "Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation. . . . ."

Under this section there must be "a change in conditions or because of a mistake in the determination of fact" before a review is in order. This is discretionary with the Commission, and we are of the opinion that there was no abuse of this discretion. West Estate v. Southern Bell Telephone Company, 228 Miss. 890, 90 So. 2d 1.

Affirmed.

*McGehee, C. J.*, and *Lee, Kyle* and *Gillespie, JJ.*, concur.